UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RACHEL AUSCH, individually and on behalf of all others similarly situated;

         Plaintiff,

-v.-

INTERNATIONAL RECOVERY ASSOCIATES, INC.
         Defendant.
-------------------------------------------------------------------X

Case No.: 1:25-cv-1159

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

  Plaintiff Rachel Ausch (hereinafter referred to as "Plaintiff") a New York resident, brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant International Recovery Associates, Inc. (hereinafter referred to as "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

  1. Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* §§ l692(b) and1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. 1367, as well as 15 U.S.C. § 1692 et seq.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred in this judicial district, Plaintiff resides in this judicial district, and Defendant transacts business in this judicial district.

## NATURE OF THE ACTION

5. Plaintiff brings this action under § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York in the County of Kings.

8. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1692(a)(3) and as defined under 12 CFR § 1006.2(e).

9. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), as well as defined in 12 CFR § 1006.2(i)(1), with its principal place of business at 195 Smithtown

Boulevard, Nesconset, New York 11767 and with an address for service of process located at 990 S Second Street, Suite 1, Ronkonkoma, New York, 11779.

10. Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

11. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a. all individuals with addresses in the State of New York;

    b. to whom Defendant sent collection letters;

    c. attempting to collect a consumer debt;

    d. resulting from medical services received from original creditor;

    e. when creditor agreed to accept consumer's Medicaid benefits in exchange for its medical services;

    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class is the Defendant and all officer, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, **in the form attached as Exhibit A**, violate 15 U.S.C. §§ l692e, 1692f, and 1692g.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believe, and on that basis allege, that the Plaintiff Class defined above are so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal

      issue is whether the Defendant's written communications to consumers, **in the forms attached as Exhibit A** violate 15 U.S.C. §§ l692e, 1692f, and 1692g.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. At some time before October 31, 2023, Plaintiff allegedly incurred an obligation to the creditor, Montefiore Medical Center ("Montefiore").

22. Montefiore is a "creditor" as the term is defined by 15 U.S.C. § 1692a(4).

23. Upon information and belief, Montefiore contracted with Defendant for the purpose of debt collection.

24. Upon information and belief, Defendant uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

25. Upon information and belief, the subject debt was incurred by Plaintiff solely for personal, household or family purposes, specifically for medical services.

26. Thus the Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

27. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

*Violation – March 1, 2024 Collection Letter*

28. On or about March 1, 2024, Defendant sent the Plaintiff a collection letter regarding the alleged debt owed to Montefiore. *See* Letter attached hereto as Exhibit A.

29. The letter states in relevant part as follows:

International Recovery Associates is a debt collector. We are trying to collect a debt that you owe to Montefiore Medical Center. We will use any information you give us to help collect the debt.

**Our information shows:**

You had a medical debt owed to the above provider with account number ******6952.

As of 10-31-2023 you owed:              $424.00

Between 10-31-2023 and today:

You were charged this amount in interests: + $0.00
You were charged this amount in fees:   + $0.00
You paid or were credited this amount -
 toward the debt:                        $354.28
**Total amount of the debt now:**        $69.72

*See* Exhibit A.

30. Plaintiff is a Medicaid beneficiary.

31. Plaintiff disputes the existence of this debt in its entirety.

32. Additionally even if this debt is valid, given that she provided the healthcare provider with the Medicaid insurance at the time of her visit the debt is not allowed to be collected on via a debt collector.

33. Once a medical provider accepts Medicaid insurance it is prohibited from sending any residual balance to a collection agency.

34. Additionally, once Medicaid pays the healthcare provider, they are not to assign a remainder of a debt to a debt collector, as it is a violation of Medicaid laws.

35. Upon information and belief, Montefiore agreed to accept Medicaid benefits from Plaintiff.

36. Upon information and belief, Montefiore is enrolled in the Medicaid program as a Medicaid provider.

37. A provider agrees to accept payment under the Medicaid program as payment in full for services rendered.

38. A provider may not make a private pay agreement with a beneficiary to accept a Medicaid fee for a particular covered service and then provide a different upgraded service and agree to charge the beneficiary only the difference in fee between two services, in addition to billing Medicaid for the covered service.

39. Upon information and belief, Montefiore received a payment from Medicaid for Plaintiff's medical services.

40. Defendant lists the total balance of $69.72.

41. This amount is not authorized by the agreement creating the debt or permitted by law.

42. According to Medicaid, once a provider sees a beneficiary and advises them that their Medicaid card is valid and that eligibility exists for the date of service and treats the individual, the provider may not change their mind and bill the beneficiary for that service or any part of that service.

43. Upon information and belief, Defendant engages in a regular practice of perpetuating Medicaid fraud by dunning Medicaid recipients for additional payments for medical services already paid for in full by Medicaid.

44. To make matters worse, Defendant unduly pressures Medicaid recipients to pay additional funds for medical services that were already paid for in full by sending out dunning letters to make it appear as if money is truly owed.

45. Debt collectors are not permitted to collect from Medicaid recipients unless it is for a co-payment.

46. Upon information and belief, $69.72 does not represent a co-payment. Therefore, Defendant's collection attempts were unlawful.

47. Furthermore, a Medicaid beneficiary must not be referred to a collection agency for collection of unpaid medical bills or otherwise billed when the provider has accepted the enrollee as a Medicaid patient.

48. Plaintiff has a right to be free from collection efforts on debts that are clearly not her obligation to pay.

49. Congress has a right to pass laws to protect the rights of consumers.

50. Congress passed the FDCPA with these types of deceptive tactics in mind.

51. Plaintiff suffered a concrete harm by receiving a collection letter for a debt that she obviously does not owe, which in turn led her to become angry, confused, and scared.

52. These violations by Defendant were unconscionable, knowing, willful, negligent, and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

53. Defendant's actions caused Plaintiff stress, embarrassment, humiliation, disruption, and other damages and consequences because Plaintiff was unaware as to why Defendant showed a balance due on services covered by Plaintiff's Medicaid coverage.

54. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

55. Defendant's deceptive, misleading and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately or informatively respond to Defendant's demand for payment of this debt.

56. Plaintiff was confused and misled to her detriment by the statements and/or omissions in the dunning letters, and relied on the contents of the letter to her detriment.

57. Defendant's improper acts, and Plaintiff's reliance thereon, also caused Plaintiff emotional harm in the form of severe anxiety and emotional distress.

58. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

59. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

60. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

61. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

62. Defendant violated §1692e:

    a. By falsely representing the character, amount and/or legal status of the debt in violation of § 1692e(2)(A);

    b. By falsely representing that compensation may be lawfully received by the debt collector for the collection of the debt, in violation of § 1692e(2)(B);

    c. By making a false and deceptive representation in violation of §1692e(10).

63. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

64. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

65. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

66. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

67. Defendant violated §1692f:

    a. By attempting to collect an amount not expressly authorized by the underlying agreement or permitted by law.

68. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

69. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

70. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g et seq.

71. Pursuant to 15 U.S.C. § 1692g(a), a debt collector must provide notice of a debt, including the amount of the debt.

72. Defendant violated § 1692g(a):

   a. as the letter falsely represents the true amount and identity of the debt in violation of § 1692g(a)(1).

73. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

74. Pursuant to Rule 38 of the Federal Rules of Civil Procedures, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Rachel Ausch, individually and on behalf of all others similarly situated, demands judgment from Defendant International Recovery Associates, Inc. as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Rami Salim, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: February 28, 2025							Respectfully Submitted,

**STEIN SAKS, PLLC**

/s/ Rami Salim
By: Rami Salim, Esq.
One University Plaza, Ste. 620
Hackensack, NJ 07601
Ph:  201-282-6500
Fax: 201-282-6501
rsalim@steinsakslegal.com
*Counsel for Plaintiff*